UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN ENGLEKING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) CAUSE NO.: 1:18-cv-1301 |
| | ) |
| HOLSTEIN ASSOCIATION USA, | ) |
| INC. LONG TERM DISABILITY | ) |
| INSURANCE PLAN, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Brian Engleking, by and through his undersigned counsel, files this Complaint against the Holstein Association USA, Inc. Long Term Disability Insurance Plan ("Plan"), and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132(a)(1)(B). Thus, this Court has subject matter jurisdiction under 28 U.S.C. 1331 as this action arises under the laws of the United States.

2. Engleking is a resident of Greenfield, Indiana and a citizen of the State of Indiana. As an employee of Holstein Association U.S.A., Inc. ("Holstein"), Engleking was covered by the Plan for purposes of long-term disability benefits.

3. The claims administrator and provider of benefits of the Plan is the Prudential Insurance Company of America ("Prudential").

4. Engleking received and was to receive benefits under the Plan in the Southern District of Indiana. Thus, venue is proper in this judicial district under 29 U.S.C. 1132(e)(2).

## FACTUAL ALLEGATIONS

5. Engleking was employed by Holstein as a Classifier. As a classifier, Engleking was responsible for evaluating dairy cattle.

6. Engleking became disabled in November 2014 due to an extensive intraventricular hemorrhage and left cerebral hemorrhage. The hemorrhage resulted in substantial physical and cognitive impairments including, but not limited to, dyscoordination, decreased fine motor coordination, balance difficulties, severe and incapacitating fatigue, memory difficulties, slowed processing speed, and depression.

7. The Plan provided long-term disability benefits of 60% of monthly earnings for two years under an "own occupation" definition of disability and thereafter under a form of an "any occupation" definition of disability.

8. Prudential paid long-term disability benefits pursuant to the Plan from May 9, 2015 through May 8, 2017.

9. Prudential terminated Engleking's long-term disability benefits effective May 9, 2017 because it said Engleking did not meet the "any occupation" definition

of disability in the Plan. Specifically, Prudential claimed that Engleking could work as a wholesaler, Inside Sales Representative, or Commission Agent for Agricultural Produce.

10. Engleking appealed Prudential's termination of his long-term disability benefits, and on November 2, 2017, Prudential affirmed its termination of his benefits, claiming that Engleking could work as a Wholesaler or an Inside Sales Representative.

11. On January 29, 2018, Engleking appealed again, submitting a comprehensive report from his treating physician, Dr. Kelly Paul, who is a specialist in physical medicine and rehabilitation.

12. Dr. Paul stated that due to Engleking's numerous physical restrictions, fatigue, and depression, and variability of processing speed, Engleking "is not capable of returning to work at any point in time, even in sedentary duty."

13. On March 29, 2018, Prudential denied Engleking's appeal. This denial was final and could not be further appealed to Prudential.

14. Despite the substantial medical proof of disability provided to it by Engleking, Prudential refused to pay Engleking the long-term disability benefits he was due under the Plan.

## CAUSE OF ACTION: WRONGFUL DENIAL OF LONG-TERM DISABILITY BENEFITS

15. From May 9, 2017, when Prudential terminated Engleking's long-term disability benefits, until the present time, and ongoing, Engleking has been disabled as defined by the Plan because he is and has been unable to perform the duties of any gainful occupation for which is reasonably fitted by education, training, and experience.

16. Engleking provided Prudential more than enough medical evidence to substantiate his disability.

17. Engleking is entitled to long-term disability benefits under the Plan from May 9, 2017 to the present, and ongoing.

18. Prudential wrongfully terminated Engleking's long-term disability benefits.

WHEREFORE, the Plaintiff, Brian Engleking, requests that this Court enter judgment in his favor as follows:

A. Find that Engleking is entitled to long-term disability benefits under the Plan and order Prudential to pay back benefits and future benefits as they become due;

B. Award interest on the back benefits that were unpaid;

C. Award attorney's fees and costs incurred as a result of Prudential's

wrongful denial of benefits; and

        D.     Award further just and appropriate relief.

                              Respectfully submitted,

                              */s/ David T. Vlink*
                              David T. Vlink, #30182-45
                              *Attorney for Plaintiff Brian Engleking*
                              FILLENWARTH DENNERLINE
                                    GROTH & TOWE, LLP
                              429 E. Vermont Street, Ste. 200
                              Indianapolis, IN 46202
                              Phone: (317) 353-9363
                              Fax: (317) 351-7232
                              E-Mail: dvlink@fdgtlaborlaw.com